NUMBER 13-08-00186-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






GLEN JONES, Appellant,


V.



THE STATE OF TEXAS, Appellee.





On Appeal from the County Court at Law


of San Patricio County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam


 

 Appellant attempts to appeal from a judgment adjudicating him guilty of driving while
intoxicated. The appellant was sentenced to confinement for sixty days and a fine of
$2000. The trial court's certification of the defendant's right of appeal does not contain the
defendant's signature. See Tex. R. App. P. 25.2(d). 

 On July 10, 2008 and October 9, 2008 the Clerk of this Court notified appellant of
the necessity of a signed trial court certification in two letters. Appellant was informed that
failure to complete the form could result in the matter being referred to the Court for
appropriate orders. No signed certification was received.

 On April 14, 2009 the State filed a motion to withdraw appellant's notice of appeal
and dismiss the appeal because the appellant had served his jail sentence and served his
fine and court costs by jail service, and because appellant had not filed his appellant's
brief. Appellant's appointed trial counsel filed a response to the State's motion to dismiss,
stating that the appellant's whereabouts were unknown; that appellant had never signed
his trial court certification; that appellant did not request appointed counsel for the appeal;
and that appellant does not have retained counsel for the appeal. 

 The Texas Rules of Appellate Procedure require the trial court to enter a certification
of the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. See id. 25.2(a)(2). The certification must include a notice that the
defendant has been informed of his rights concerning an appeal, as well as any right to file
a pro se petition for discretionary review. See id. 25.2(d). The certification must be signed
by the defendant and a copy must be given to him. See id. 25.2(d). The appeal must be
dismissed if a certification that shows the defendant has the right of appeal has not been
made part of the record under these rules. See id. 25.2(d). 

 Appellant's notice of appeal included an unsigned trial court certification form. This
Court notified appellant that a signed trial court certification had not been filed and
requested that appellant file a signed trial court certification. As of this date, appellant has
not filed an amended trial court certification. (1) The Texas Rules of Appellate Procedure
provide that an appeal must be dismissed if a certification that shows the defendant has
the right of appeal has not been made part of the record under these rules. Tex. R. App.
P. 25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4. Accordingly, this appeal is DISMISSED. 
Any pending motions are denied as moot.


 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 25th day of June, 2009. 



 
1. The Clerk of the Court notified appellant by letter dated May 8, 2009, that a motion to dismiss had
been filed by the State and directed appellant to contact the Court to advise us whether he wished to proceed
with his appeal. Appellant was informed that if he wanted the Court to dismiss the appeal, he would need to
sign a written motion to dismiss. Appellant has failed to respond to the Court's notice.